O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

Case No. SACV 12-0568 DOC (JPRx)           Date: July 17, 2012

Title: <u>OLASUMBO TITILOLA AJETUNMOBI V. CLARION MORTGAGE CAPITAL, INC., ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>Julie Barrera</u>                    <u>   N/A   </u>
Courtroom Clerk             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      Before the Court is a Motion to Dismiss (the "Motion") filed by Defendants Countrywide Home Loans, Inc., Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A. (collectively "Defendants"). Mot. (Dkt. 5). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion.

**I.     Background**

      **A. Loan Origination and Initial Transfers and Assignments**

      Plaintiff Olusumbo Ajetunmobi ("Plaintiff") signed a loan agreement and promissory note (the "Note") on February 23, 2007 to purchase a property located at 6728 Stanford Way, Whittier, CA 90601 (the "Subject Property"). Compl. Ex. A (Dkt. 1) at 1, 3. The Deed of Trust securing Plaintiff's loan names Defendant Clarion Mortgage Capital, Inc. ("Clarion") as the lender and names Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id*. at 1. Soon after the loan agreement was signed in February 2007, Defendant Clarion purportedly transferred Plaintiff's note to Defendant Countrywide. Compl. (Dkt. 1) ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR            Date: July 12, 2012
           Page 2

       Plaintiff alleges that she was not provided with the disclosures required by federal regulations either at the time of the loan origination or the transfer to Defendant Countrywide Home Loans, Inc. ("Countrywide"). As a result, she alleges that the conveyance of the Subject Property to Defendant Countrywide was never formalized and that therefore neither Defendant Countrywide nor its successors or assigns have a valid claim on the Subject Property. *Id.* ¶¶ 19-22.

### B. Defendant Bank of America's Involvement

       In September 2009, Plaintiff started receiving daily phone calls from representatives of Defendant Bank of America, N.A. ("BANA"). *Id.* ¶ 23. Plaintiff also received demand notices and a Notice of Intent to Accelerate that all stated, "[BANA] services your home loan on behalf of the holder of your note." Compl. Ex. B, B-1, B-2, C (Dkt. 1). Contemplating a loan modification, Plaintiff requested documents disclosing Defendant BANA's interests in her loan and the name of the noteholder. Compl. (Dkt. 1) ¶ 26; Compl. Ex. D (Dkt. 1).

       In July 2011, Plaintiff received a letter from Defendant BANA informing her that the servicing of her loan would transfer from Defendant BAC Home Loan Servicing, LP ("BAC") to Defendant BANA. Compl. (Dkt. 1) ¶ 29. The letter listed Defendant Wells Fargo Bank, N.A. ("Wells Fargo") as the noteholder on whose behalf Defendant BANA was servicing the loan. Compl. Ex. F (Dkt. 1) at 2. The letter specifically stated that Defendant BANA did not own the loan. *Id.* Plaintiff alleges she relied on this representation and decided to wait to receive a Notice of Assignment of the loan to Defendant Wells Fargo before starting loan modification proceedings. Compl. (Dkt. 1) ¶ 31.

       In December 2011, Plaintiff received a copy of an Assignment of Deed of Trust from Defendant BANA showing that Defendant MERS had conveyed the Subject Property to Defendant BANA in September 2011. Compl. (Dkt. 1) ¶ 32; Compl. Ex. G (Dkt. 1). Then, in January 2012, Plaintiff received a notice from Defendant BANA showing that Defendant ReconTrust Company, N.A. ("ReconTrust") had been substituted as holder of the Deed of Trust for Defendant BANA. Compl. (Dkt. 1) ¶ 33; Compl. Ex. H (Dkt. 1).

### C. The Instant Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                Date: July 12, 2012
                                                             Page 3

---

      Plaintiff filed her complaint with this Court on April 12, 2012. Plaintiff alleges that Defendants BANA, BAC and MERS committed fraudulent acts and violated disclosure laws. Specifically, Plaintiff alleges that Defendant BANA falsely represented that Defendant Wells Fargo owned the loan, that Defendants BANA and BAC falsely represented that they serviced the loan, that Defendants BANA fraudulently concealed the fact that it was claiming rights to the loan, and that Defendants Countrywide, BANA, BAC, and MERS violated the Truth in Lending Act ("TILA") by failing to make certain required disclosures regarding the parties with interest in her loan. Compl. (Dkt. 1) ¶¶ 41, 46, 47, 52, 61. On the basis of these claims, Plaintiff also brings claims for civil conspiracy to defraud, quiet title and cancelation of a deed of trust, violations of California Business and Professions Code sections 17200 *et seq.*, and injunctive and declaratory relief. *Id.* ¶¶ 51-53, 67, 74-77, 81.

      Defendants BANA, MERS, Countrywide, and ReconTrust filed a Motion to Dismiss on May 10, 2012 in which they argue that Plaintiff's complaint should be dismissed because, *inter alia*, Plaintiff has not tendered the entire amount owing on the loan, Plaintiff has not alleged the elements of fraud with sufficient particularity, and Plaintiff cannot demonstrate that her TILA claims are not time-barred. Mot. (Dkt. 5). Defendant also has made a request that the Court take judicial notice of a number of documents, including two Deeds of Trust, an Assignment of Deed of Trust, a Notice of Default, a Substitution of Trustee, and a Notice of Trustee's Sale.[1]

## II.    Legal Standard

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a

---

[1]     Courts commonly take judicial notice of deeds of trust and similar instruments. *See, e.g., Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1036 n. 1 (C.D. Cal. 2008); *Moore v. Chase Bank*, No. 08-0350 SC, 2008 WL 961161, at *2 n.5 (N.D. Cal. Apr. 7, 2008). Furthermore, a number of the documents that Defendants request the Court to take judicial notice of are already attached to and incorporated by reference in Plaintiff's complaint. Therefore, to the extent the Court relies on the documents submitted for judicial notice, the requests are GRANTED. Otherwise, they are DENIED AS MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR　　　　　　　　　　　　　　　Date: July 12, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR											Date: July 12, 2012
													Page 5

---

The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

III.   Discussion

    **A. Plaintiff is Not Required to Tender the Entirety of Her Obligations Owing on the Note in Order to State a Claim Entitled to Relief**

As an initial matter, Defendants seek to dismiss Plaintiff's claims because Plaintiff has not validly tendered the undisputed obligation owing on the Note, $635,764.79. Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                    Date: July 12, 2012
                                                                  Page 6

(Dkt. 5) at 3. In California, the so-called "tender rule" is a prerequisite to any action seeking to set a side a foreclosure sale. *See U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). Courts are divided, however, as to whether the tender rule applies in situations where the foreclosure sale has not yet occurred, as in this case. *See Rodriguez v. Bank of America*, No. C11-3839-PSG, 2011 WL 5864108, at *3 (N.D. Cal. Nov. 22, 2011) ("There is some division in the district courts, however, as to whether the 'tender rule' precludes a claimant from seeking to prevent a pending nonjudicial foreclosure, as opposed to attempting to 'unwind' a foreclosure that has taken place."); *Silva-Pearson v. BAC Home Loans Servicing, LP*, No. C 11-01491, SI 2011 Wl 2633406, at *2 (N.D. Cal. July 5, 2011) (finding no basis for the tender rule where plaintiff challenges a pending foreclosure); *Yazdanpanah v. Sacramento Valley Mortg. Group*, C 09-2024 SBA, 2009 WL 4573381, at *7 (N.D. Cal. Dec. 1, 2009) (holding that when "foreclosure is either pending or has taken place the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure").

This Court finds more persuasive the line of decisions in which courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred. As this Court recently held, "applying the tender rule to pending foreclosures would prevent any examination of irregularities in the foreclosure process, thus immunizing even deliberate disregard for statutory requirements." *Tang v. Bank of America, N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 WL 960373, at *6 (C.D. Cal Mar. 19, 2012). California has created an "exhaustive" statutory framework containing a "myriad of rules" relating to proper notice and foreclosure procedures. *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). This Court does not believe these rules should be rendered defunct, which would result from applying the tender rule to pending foreclosures, as well as foreclosure sales. Furthermore, when a foreclosure has not yet taken place, there is no concern about expending significant judicial resources unwinding a transfer of title to a bona fide purchaser. When the sale is still pending, postponing it imposes only a modicum of delay, ensures that all of the legally required paperwork is in order, and still allows lenders to recover subject properties once they have shown that all of their documentation is proper. *Tang*, 2012 WL 960373, at *6. On the basis of these policy considerations, the Court declines to apply the tender rule where, as here, a foreclosure sale has not yet taken place. *See* Req. Judicial Notice (Dkt. 5) Ex. F (notice of pending trustee sale executed subsequent to the filing of Plaintiff's complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR					Date: July 12, 2012
										Page 7

### B. Plaintiff Fails to Allege Facts That Adequately Plead the Elements for the Causes of Action Related to Fraud

Because the complaint does not set forth facts that plausibly establish wrongful conduct on the part of any defendant, Plaintiff fails to adequately plead her claims based in fraud. Causes of action for fraudulent misrepresentation, fraudulent concealment, and civil conspiracy to defraud are all species of fraud that require a plaintiff to plead the essential elements of fraud under California law. *Lane v. Vitek Real Estate Indus. Group*, 713 F.Supp. 2d 1092, 1102 (E.D. Cal. 2010). Allegations of fraud must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The gravamen of Plaintiff's complaint is that Defendants acted fraudulently by making false representations or failing to make representations regarding who owned her loan, who serviced her loan, and who had beneficial interests in her loan. *See* Compl. (Dkt. 1). Plaintiff, however, fails to set forth facts that plausibly establish wrongdoing, let alone plead the elements of fraud with sufficient particularity, and therefore her "species of fraud" claims all fail.

#### 1. Plaintiff's Fraudulent Misrepresentation Claim Fails Because She Does Not Show That Either Defendants BANA or BAC Made Any False Representations

Plaintiff's fraudulent misrepresentation claim alleges that Defendants BANA and BAC falsely represented: (1) that they were only servicing Plaintiff's loan; (2) that they had no beneficial interests in the loan; and (3) that Defendant Wells Fargo was the owner of the loan. Plaintiff's allegations "must set forth what is false or misleading about a statement, and why it is false" in order to sufficiently plead a claim for misrepresentation. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1106. None of the facts alleged by Plaintiff, however, plausibly establish that any of these three representations were false.

First, Plaintiff alleges that in July 2011, Defendant BANA represented to Plaintiff that it serviced her loan on behalf of the creditor, Defendant Wells Fargo. Compl. ¶¶ 29-30. Then, in September 2011, Defendant BANA was assigned all beneficial interests in the Deed of Trust for Plaintiff's home. Compl. (Dkt. 1) ¶ 32; Compl. Ex. G (Dkt. 1). Finally, Plaintiff alleges that there is no mention of Defendant Wells Fargo in connection with her loan in the public record or in any documentation she received. In Plaintiff's view, the assignment of the Deed of Trust to Defendant BANA in September means that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                          Date: July 12, 2012
                                                                                     Page 8

---

it would have been impossible for Defendants BANA and BAC to have been mere loan servicers on behalf of Defendant Wells Fargo in July 2011. *See id*.

Plaintiff's interpretation of the facts does not plausibly demonstrate the falsity of any of the three statements in question. Defendant BANA's representations made in July 2011 are not inconsistent with the September 2011 assignment of the Deed of Trust. It is far from "baffling and confounding" that Defendant BANA claimed it did not own the loan in July 2011, but later, after it was conveyed the loan in September 2011, claimed that it did have interests in the loan. *See id*. at 9. Defendant BANA did not represent in July 2011 that it would *never* have any interest in the Note. Plaintiff does not provide any facts or authority for the proposition that Defendant BANA could not have been the servicer in July 2011 because it was later assigned a beneficial interest in September 2011.[2]

The Court is unable to draw a reasonable inference that Defendants BANA and/or BAC made any false statements from these facts; therefore, Plaintiff's claims are not facially plausible and do not state a claim entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. at 663. There is nothing to suggest that the representations made by Defendant BANA were false. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). Plaintiff does not allege facts that suggest it is more plausible that Defendant Wells Fargo never was a creditor than the possibility that the assignment of debt to Defendant Wells Fargo was not recorded. Plaintiff does not push her claims for fraudulent misrepresentation past the line of conceivability into the realm of plausibility. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 557, n.5. For these reasons,

---

[2] In her opposition brief, Plaintiff attempts to further develop her argument that Defendants BANA and BAC misrepresented that Defendant Wells Fargo owned the loan by stating that the "line of transfer of the loan from Clarion to BANA . . . leaves no room to accommodate Wells Fargo's interest." Opp'n (Dkt. 8) at 8. Plaintiff's suggests that if the assignment of her debt to Defendant Wells Fargo cannot be found in the public record, any representations that Defendant Wells Fargo was in fact assigned her debt cannot be truthful and accurate. First, an opposition brief is not the appropriate place to set forth facts necessary to plead fraud with particularity. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that a complaint may not be amended by the briefs in opposition to a motion to dismiss"). Second, even if the facts from Plaintiff's opposition brief were included in the complaint, Plaintiff still would not sufficiently plead that Defendants BANA and BAC made *false* representations that Defendant Wells Fargo owned the loan. As the California Court of Appeal recently pointed out, however, "assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. The lender could readily have assigned the promissory note to [Wells Fargo] in an unrecorded document that was not disclosed to plaintiff." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                            Date: July 12, 2012
                                                                                          Page 9

---

the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for fraudulent misrepresentation

### 2. Plaintiff Fails to Sufficiently Plead Her Claim for Fraudulent Concealment Against Defendants BANA or BAC

Plaintiff's claim for fraudulent concealment fails because it is based on the same allegations as her claim for fraudulent misrepresentation. Plaintiff alleges that Defendants BANA and BAC concealed the fact that they were claiming rights to the loan and concealed the fact that Defendant Wells Fargo was not actually the owner of the loan. Compl. (Dkt. 1) ¶ 47. Yet, Plaintiff does not allege sufficient facts to plausibly establish that Defendants BANA or BAC concealed any facts, nor does she plead the details of fraudulent concealment with the requisite particularity. Simply put, Plaintiff's allegations are not sufficient to establish fraudulent conduct of any type, be it a misrepresentation or concealment of a material fact.

Under California law, the elements of fraudulent concealment are: "(1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1156 n.3 (9th Cir. 2000). Rule 9(b) requires that facts showing fraudulent concealment, like other fraud claims, be pled with specificity. *Grant v. Aurora Loan Services Inc.*, 736 F.Supp. 2d. 1257, 1273 (C.D. Cal. 2010).

As previously discussed, Plaintiff fails to plausibly establish that Defendant Wells Fargo did not, in fact, own the loan in July 2011. Therefore, Plaintiff fails to adequately plead that Defendant BANA concealed the fact that Defendant Wells Fargo did not own the loan in July 2011. Plaintiff cannot succeed on a concealment claim if there was no fact to conceal.

Plaintiff does not plead with sufficient particularity that Defendant BANA fraudulently concealed that it was seeking rights to the loan. In *Velasquez v. Chase Home Finance LLC*, the court granted a motion to dismiss where the plaintiff had failed to allege the nature of the defendants' concealment, including when facts were concealed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                    Date: July 12, 2012
                                                                 Page 10

---

and when the defendants had knowledge of the facts that were allegedly concealed. No. C 10-01641 SI, 2010 WL 3211905, at *6 (N.D. Cal. Aug. 12, 2010) ("Here, plaintiff's fraud claims do not meet the heightened Rule 9(b) pleading standard. . . . Plaintiff does not allege when the concealment took place or when each of the defendants allegedly knew that the real estate bubble was about to burst."). In the instant case, Plaintiff provides even less particularity than the plaintiff in *Velasquez*. *Id*. Plaintiff does not allege when the concealment took place. Plaintiff does not allege when Defendant BANA began claiming rights to the loan. Plaintiff does not allege which document or representation contained Defendant BANA's intentions that were allegedly concealed from her. Plaintiff has completely failed to allege her claim for fraudulent concealment with the requisite particularity. Plaintiff does not allege enough facts such that Defendants would be able to mount a defense against claims of fraudulent concealment. Thus, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for fraudulent concealment.

### 3. Plaintiff Fails to Allege Facts to Show That Any Civil Conspiracy to Defraud Occurred

Because Plaintiff's fraudulent tort claims fail, Plaintiff's claim for civil conspiracy to defraud similarly fails. A claim for civil conspiracy requires the commission of a separate tort. An Eastern District court clearly set forth the requirements of a conspiracy claim:

> Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort. Further, to allege a civil 'conspiracy to defraud,' a complaint must meet the particularity requirements of Rule 9(b).

*Solano v. Am.'s Servicing Co.*, No. 2:10-cv-02426-GEB-GGH, 2011 WL 1669735, at *10 (E.D. Cal. May 3, 2011) (citations omitted).

Plaintiff fails to adequately plead the commission of a tort. Plaintiff bases her claim for civil conspiracy to defraud on her claims for fraudulent misrepresentation and fraudulent concealment. Because Plaintiff has failed to adequately plead these causes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                         Date: July 12, 2012
                                                                                     Page 11

---

action, her claim for civil conspiracy lacks the required element of the commission of a separate tort. Furthermore, Plaintiff fails to meet the particularity requirements of Rule 9(b) by failing to allege facts that show any of the Defendants had a common plan or design. Thus, like her other fraud-based claims, Plaintiff does not state a claim for civil conspiracy to defraud. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for civil conspiracy to defraud.

      **4. Because Plaintiff Has Not Sufficiently Alleged Fraud, She Cannot Allege a Violation of California Business and Professions Code Section 17200** *et seq***.**

Plaintiff bases her allegations of a violation of California Business and Professions Code sections 17200 *et seq*. on her other allegations of fraud. A claim under California Business & Profession Code sections 17200 *et seq*. must be predicated on allegations of unfair, deceptive, or fraudulent business practices. Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff's §17200 claim is exclusively supported by her allegations of fraudulent conduct, but as discussed *supra*, Plaintiff has failed to adequately plead any allegations of fraud. Compl. (Dkt. 1) ¶¶ 67-69. Because Plaintiff fails to adequately plead any fraudulent conduct, her claim for violation of California Business and Professions Code sections 17200 *et seq*. must fail. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for violations of California Business and Professions Code sections 17200 *et seq*.

      **C. Plaintiff's Truth in Lending Act Claims are Either Time-Barred or are Inapplicable**

Plaintiff alleges that Defendants Countrywide, BANA, BAC and MERS violated the Truth in Lending Act by failing to make certain disclosures at the time of loan origination and subsequent loan transfers. Plaintiff's claims fail, however, because her claim against Defendant Countrywide is time-barred and her claims against Defendants BANA, BAC and MERS do not qualify for the Act's protection.

      **1. Plaintiff's TILA claim against Defendant Countrywide is Time-Barred**

Section 1640(e) of TILA provides that "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR	Date: July 12, 2012
Page 12

1640(e). The limitations period runs from the date of consummation of the transaction. *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039 (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). Defendants argue that Plaintiff's claims are time-barred because the loan originated in February 2007. Mot. (Dkt. 5) at 12 (citing Compl. (Dkt. 1) ¶ 16). With respect to her claim against Defendant Countrywide, Plaintiff admits as much when she states that "Plaintiff agrees that her claim against Countrywide for violation of The Truth in Lending Act may be time-barred." Opp'n (Dkt. 8) at 11. Because the alleged violation committed by Defendant Countrywide took place over five years before Plaintiff's complaint was filed, Plaintiff's TILA claim against Defendant Countrywide is time-barred.

## 2. TILA's Disclosure Requirements Were Inapplicable to Defendants BANA, BAC and MERS

Enacted in May 2009 as an amendment to TILA, Regulation Z addresses mortgage transfers and the disclosures required to notify consumers of such transfers. CFR § 226.39. Regulation Z applies only to "covered persons," defined as any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer." 15 USCA, CFR § 226.39. Contrary to Plaintiff's contention, Defendants BANA, BAC and MERS are not "covered persons" because they never acquired legal title to the debt obligation.

In the July 2011 letter sent to Plaintiff, Defendant BANA specifically represented that it was only a loan servicer and not the owner of the loan. Loan servicers that do not own the loan obligation are not liable under TILA. *See Che v. Aurora Loan Services, LLC*, No. SACV 11-01458-CJC(RNBx), 2012 WL 899629, at *2 (C.D. Cal. Mar. 15, 2012) ("For a loan servicer to be subject to liability for a violation of the TILA, the loan servicer must also own the subject loan."). In September 2011, Defendant BANA was assigned a beneficial interest in the Deed of Title, not in the subject loan. Compl. Ex. G (Dkt. 1). Plaintiff does not allege TILA violations with respect to the beneficial interest Defendant BANA acquired in September. *See* FAC at ¶ 60.

Plaintiff does not allege in the FAC that Defendants BAC or MERS acquired legal title to the debt obligation at any point and therefore there is no indication that they are "covered persons" subject to TILA requirements. Consequently, Defendants BANA, BAC and MERS are not "covered persons" and therefore never had a duty to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                  Date: July 12, 2012
                                                               Page 13

certain disclosures pursuant to TILA. Plaintiff's claim for TILA violations against Defendants BANA, BAC, and MERS fails for these reasons.

Because Plaintiff's claims under TILA are either time-barred or do not state a claim against a "covered person", the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for violations of TILA.

### D. Plaintiff's Claim for Quiet Title and Cancellation of Deed of Trust Fails as She Does Not Sufficiently Allege Fraudulent Conduct

Plaintiff brings an action to quiet title and cancel the Deed of Trust, alleging that none of Defendants Countrywide, Clarion, BANA, BAC, Wells Fargo or MERS have any valid recorded interests in either the Note or the Deed of Trust. Plaintiff's claim proceeds on two separate grounds: (1) that the loan has been rescinded and has no force as a result of Defendant BANA's alleged TILA violations and fraudulent conduct; and (2) that Defendant MERS' authority to assign the Deed of Trust to Defendant BANA had been extinguished long before the assignment. *Id*. at ¶¶ 74-76. Her claim fails on both grounds.

#### 1. Plaintiff has not Sufficiently Alleged TILA Violations or Fraud

As Plaintiff herself admits in her opposition brief, her claim for quiet title and cancellation of the Deed of Trust relies on her claims for fraudulent conduct and TILA violations. Opp'n (Dkt. 8) at 11. Plaintiff has not sufficiently alleged fraudulent conduct or TILA violations. *See* Cal. Civ. Code § 1689; *supra* Part III.B-C. Plaintiff has also failed to establish why Defendant BANA's non-fraudulent July 2011 representation that it did not have an interest in the loan currently entitles Plaintiff to rescission. Plaintiff may not quiet title or cancel the Deed of Trust under California law because she has not alleged any wrongful conduct that would bestow a right of rescission upon her.

#### 2. Defendant MERS had Authority to Assign the Deed of Trust to Defendant BANA

Plaintiff also bases her action to quiet title and cancel the Deed of Trust on the unsupported proposition that Defendant MERS' authority to transfer or assign the Note or Deed of Trust "cannot exist in perpetuity." Opp'n (Dkt. 8) at 11. Plaintiff argues that Defendant MERS' authority was extinguished at the time of the transfer from Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                             Date: July 12, 2012
                                                                                                         Page 14

Clarion to Defendant Countrywide and that therefore, Defendant MERS' subsequent assignment of the Deed of Trust to Defendant BANA was void. *Id*. at 12. Yet, this proposition directly contradicts facts located in the exhibits submitted alongside Plaintiff's complaint. The Deed of Trust specifically states Defendant MERS "is acting solely as a nominee for lender and *lender's successors and assigns*," suggesting that MERS' authority did not extinguish when the loan was transferred from the original noteholder. Compl. Ex. A (Dkt. 1) (emphasis added). Furthermore, California courts have expressly held that Defendant MERS has the authority to act on behalf of the original noteholder's successors and assigns and have not recognized any time limits similar to the ones Plaintiff argues should exist. *See, e.g.*, *Calvo v. HSBC Bank, N.A.*, 199 Cal. App. 4th 118, 125 (2011) ("MERS also had the right to initiate foreclosure on behalf of [defendant] pursuant to the express language of the dead of trust [stating] that MERS had the right to initiate foreclosure . . . as nominee (i.e. agent) of the original lender *and its successors and assigns*." (emphasis in original)).

Plaintiff's contention that Defendant MERS had no authority to assign the Deed of Trust to Defendant BANA is without support. Therefore, there is nothing to suggest that the Deed of Trust is void and Plaintiff's claim for quiet title fails. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's action to quiet title and cancel the Deed of Trust.

### E.  There is No Independent Claim for Declaratory or Injunctive Relief

Injunctive relief is a remedy, not a cause of action. *Kassahun v. JPMorgan Chase Nat. Corporate Services, Inc.*, No. SACV 11-1956 DOC (MLGx), 2012 WL 1378659, at *4 (C.D. Cal. Apr. 19, 2012). "In order to plead declaratory relief, a plaintiff must show a real and substantial controversy admitting of specific relief." *Id*. at *3. Because Plaintiff's other claims are not entitled to relief and because Plaintiff acknowledges that "her cause of action for declaratory and injunctive relief should be converted to a prayer for remedies," she does not state an independent claim for declaratory or injunctive relief. Opp'n (Dkt. 8) at 12. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's claims for declaratory and injunctive relief.

### IV.    Disposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0568 DOC JPR                                      Date: July 12, 2012
                                                                   Page 15

    For the reasons listed above the Court GRANTS Defendants' Motion to Dismiss WITH PREJUDICE.


MINUTES FORM 11
CIVIL-GEN                                                          Initials of Deputy Clerk: jcb